RECEIPT #_____
AMOUNT $ 250
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE 3-22-05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ADAILTON GOMES SOARES,
    Plaintiff

v.    CIVIL ACTION NO.

UNITED STATES CITIZENSHIP &
IMMIGRATION SERVICES
    Defendant

**05-10540 RGS**

MAGISTRATE JUDGE Collings

### VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF UNDER FREEDOM OF INFORMATION ACT (5 U.S.C. § 552)

Preliminary Statement

This action is brought under the Freedom of Information Act (FOIA), as amended (5 USC §552(a)(4)(B)), and seeks preliminary and final injunctive relief thereunder against the defendant for withholding certain records from plaintiff. This action seeks orders that the records be disclosed, and further adjudicative actions by the Defendant be stayed for a period until thirty (30) days after the disclosure of said records.

Jurisdiction

1. This Court has jurisdiction over all claims asserted against the U.S. Citizenship and Immigration Service pursuant to 28 USC. Sec. 1331 and 5 USC §552(a)(4)(B).

Venue

2. Venue in this Court is proper pursuant to 28 USC. Sec. 1391 (b) in that 1) the Plaintiff resides and the Defendant's office is located in the District of Massachusetts, and 2) the events or omissions giving rise to the Plaintiff's claims occurred in the District of Massachusetts.

Parties

3. The Plaintiff is an individual resident of 12 Lakeside Avenue, Hudson, MA. 01749.

4. The Defendant, United States Citizenship and Immigration Service (hereinafter "the Agency"), is a federal administrative agency within the meaning of 5 USC §552(a) and maintains an office at Room E-170, JFK Federal Building, Boston, MA. 02203.

Facts

5. The Agency maintains a record entitled "Affidavit of Karen Buckley and attachments" (hereinafter "the Affidavit") on which it has relied to serve notice on January 31, 2005 of intent to revoke the November 19, 2004 approval of the Petition for Alien Relative, Form I-130 filed on behalf of the Plaintiff by Brenda Miele Soares, plaintiff's present spouse of 12 Lakeside Avenue, Hudson, MA **(Exhibit 1)**.

6. The Plaintiff is unable to effectively respond to the allegations of marriage fraud as the Agency has failed to provide a copy of the affidavit of Ms. Karen Buckley

7. The Agency relies on the affidavit to discredit the Plaintiff and to formulate its conclusion that he engaged in fraud in an attempt to obtain an immigration benefit through his marriage to Ms. Buckley.

8. There is strong evidence to suggest that Ms. Buckley has not been truthful and honest in the affidavit. Most importantly, she apparently fails to disclose to the Agency that on January 10, 2003, the Probate and Family Court in Worcester, MA, after a full hearing and deposition under oath from Ms. Buckley, dismissed her complaint of her annulment of the marriage and granted the Plaintiff a divorce stating "the plaintiff, Karen Buckley, offered no evidence in support of her allegation that the Defendant perpetrated a fraud by marrying her with the intent to secure his status in the United States" (See **Exhibit 2**).

9. It is inconceivable that Ms. Buckley in making the allegations of fraud in the Affidavit should apparently fail to mention this finding to the Agency, since this goes to the very core of this case.

10. In another highly material discrepancy between her affidavit and her deposition in the Probate Court proceedings, Ms. Buckley never mentions a single word that the Plaintiff offered compensation to her for the sole purpose of completing the I-130 process, so that he could move forward with the green card process. The failure to mention this highly material issue came after numerous requests to Ms. Buckley in her deposition to explain her grounds for claiming marriage fraud.

11. The conclusion is inescapable. These are some of the serious discrepancies between the allegations made in the Affidavit to the Agency and her deposition in the trial court, and others that may only be demonstrated after access to the entire contents of the Affidavit is granted.

12. There are strong grounds to believe that a full review of the affidavit will reveal other material discrepancies, which will serve to seriously undermine the credibility of Ms. Buckley and to reveal her as an embittered ex-wife seeking vengeance against the Plaintiff because of their failed marriage.

13. On February 9, 2005, Attorney Paul Shane delivered a Freedom of Information/Privacy Act Request (FOIA) to the Agency in Boston, MA (see **Exhibit 3**), receipt for which was given on February 14, 2005, under the following control number: BOS2005000516 (see **Exhibit 4**).

14. The purpose of this FOIA was to obtain a copy of the affidavit of Ms. Buckley in order that the Plaintiff could effectively respond to the allegations of marriage fraud. The FOIA request provided clear grounds for the expedited processing of the FOIA request.

15 Given the urgency of the matter and the need to respond to the Agency Notice of Intent to Revoke the approval of the Petition for Alien Relative by March 1, 2005, Attorney Shane faxed a request for response to the Agency, Attention: Ms. Joanne Sassone on February 14, 2005 **(Exhibit 5)**. On Friday, February 18, 2005, the writer spoke personally with Ms. Sassone who told the writer that the affidavit would not be provided by the Agency on the grounds of privilege **(Exhibit 6)**. The refusal of Ms. Sassone to provide the affidavit, alternatively the failure of the Agency to respond fully in writing and/or in a timely manner and consistent with the urgency of the request entitles the Plaintiff to seek the relief sought in this action.

16. It is inconceivable that the affidavit can be withheld on the basis of privilege. In quoting extensively from the affidavit in the Notice of Intent to Revoke the approval of the Petition for Alien Relative, the Agency has waived any privilege. Furthermore, the interests of justice and full disclosure in the circumstances of this case dictate that the affidavit should be provided. No statutory grounds exist that would entitle the Agency to be exempt from providing the Affidavit to the Plaintiff.

17. On February 24, 2005 Attorney Shane wrote the Agency asking that the decision as presented by Ms. Sassone be reconsidered and further requested that the March 1, 2005 deadline for the Plaintiff's response to the Notice of Intention to Revoke Approval of the Petition for Alien Relative be extended. **( Exhibit 7 ).**

18. To date no response to the February 24, 2005 letter has been received by Attorney Shane.

19. There remains an imminent threat that the Plaintiff may be subjected to an unfair adverse adjudication if the deadline imposed by the Agency Notice to revoke approval of the Petition for Alien Relative is not extended and the plaintiff does not get access to the affidavit.

20. If taken, this adverse adjudicative action would be the result of the Agency not having full evidence at its disposal to make a finding in a fair and equitable manner. Such an adjudication would have as its natural consequence a finding that the Plaintiff had committed fraud, a finding that would prevent the Plaintiff from receiving an immigration benefit in the form of an approved marriage petition through his present wife under the provisions of INA § 204(c), 8 U.S.C. § 1154(c) as read with 8 C.F.R. § 204.2(a)(1)(ii).

Such adjudication would then preclude the plaintiff from adjusting his status to permanent residence on the grounds of a good-faith marriage to his present spouse, Brenda Miele Soares. A hearing on this adjustment of status has been scheduled for October 25, 2005 in the Immigration Court in Boston, MA **(Exhibit 8)**. Should he be ineligible for this status adjustment based upon the revocation of his defense of marriage to a United States citizen, as currently sought by the Agency, he would inevitably be subject to final removal from the United States.

COUNT I<br>PRAYER FOR INJUNCTIVE RELIEF

21. The Plaintiff restates the allegations of paragraphs 1 through 20 as if specifically contained herein.

22. Pursuant to 5 USC 552 (a) (2) the Agency is required to make public records in its possession that support issued orders, such as the Notice to Revoke Approval of the Petition for Alien Relative.

23. The Affidavit of Ms. Buckley and its attachments is such a record, the release of which pursuant to a validly filed request in accordance with the provisions of said statute and its own regulations, has been unjustifiably denied or not responded to adequately and/or in a timely manner by the Agency.

24. The denial of or failure to respond adequately and/or in a timely manner to said request is contrary to the policy as stated by the United States Supreme Court "Without question, the [Freedom of Information] Act is broadly conceived. It seeks to permit access to official information long shielded unnecessarily from public view and attempts to create a judicially enforceable public right to secure such information from possibly unwilling official hands" *EPA v. Mink, 410 U.S. 73, 80, 35 L.Ed.2d 119, 128, 93 S.Ct. 827 (1973)*.

25. According to the United States District Court for the Southern District of New York: "The basic objective" of the Act is the full . . . release of information." *Diamond v. Federal Bureau of Investigation, 487 F.Supp. 774, 777 (S.D.N.Y. 1979)*

26. According to the United States Court of Appeals for the Second Circuit: "In enacting the Freedom of Information Act, codified as part of the Administrative Procedure Act, Congress expressed the strong policy which favors the disclosure to the public of information in the possession of federal agencies". *Donovan v. F.B.I., 806 F.2d 55, 57-58 (2nd Cir. 1986)*

27. According to the United States Supreme Court: "As the Act is structured, virtually every document generated by an agency is available to the public in one form or another,

unless it falls within one of the Act's nine exemptions". *NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 136, 44 L.Ed2d 29, 95 S.Ct. 1504 (1975).*

28. The Affidavit of Ms. Buckley does not fall within any of the nine exemptions from release as stated in 5 USC 522 (b) (1) - (9). Further, the Agency by quoting extensively from the Affidavit in its Notice of Intent to Revoke Approval of the Petition for Alien Relative has waived any right to assert any of these exemptions as the basis for its failure to produce the document. Hearings in marriage fraud removal cases often involve sharply conflicting accounts, and the determination of where the truth lies is paramount. Secreting a critical document does not serve the objective of determining the truth.

29. The Plaintiff shall suffer irreparable harm, specifically an adverse adjudicative action, with the consequences as specified in paragraph 20 of this Complaint if he is not able to effectively respond to the Notice to Revoke Approval of Petition for Alien Relative through a detailed addressing of all the allegations contained in the Affidavit of Ms. Buckley.

30. Pursuant to 5 USC §552(a)(4)(B) this Court has jurisdiction to issue an injunction requiring that the Agency produce the full affidavit submitted by Ms. Buckley.

WHEREFORE, plaintiff prays that this Honorable Court shall issue:

1. Preliminary and Final injunctions prohibiting Defendant from failing to allow Plaintiff to inspect and copy the complete Affidavit of Ms. Karen Buckley;

2. For preliminary and final injunctions directing defendant to make such records available to plaintiff and permit the inspection and copying of the complete Affidavit of Ms. Karen Buckley in as expedited a manner as possible.

3. An order that the Agency pay the costs incurred by the Plaintiff in bringing this action.

## COUNT II
## PRAYER FOR INJUNCTIVE RELIEF

31. The Plaintiff restates the allegations of paragraphs 1 through 30 as if specifically contained herein.

32. This Court has jurisdiction to enjoin the Agency's adverse adjudication proceedings as threatened in its January 31, 2005 Notice of Intent to Revoke Approval of the Petition for Alien Relative based upon the Agency's unjustified denial of and/or failure to respond in writing and/or in a timely manner to a FOIA request in violation of 5 USC 522. *Renegotiation Board v. Bannercraft Clothing Co. 415 U.S. 1, 94 S.Ct. 1028, 39 L. Ed 123 (1974), Sears Roebuck & Co. v. N.L.R.B. 153 U.S. App.D.C. 380, 473 F.2d 91 (1973).*

32. As stated in paragraph 20 of this Complaint, the Plaintiff shall suffer irreparable harm if this Honorable Court does not enjoin the Agency from conducting the adverse adjudicative process.

WHEREFORE, plaintiff prays that this Honorable Court shall issue:

1. A Preliminary Injunction prohibiting Defendant from making an adverse adjudication of the Plaintiff until he has had thirty (30) days to present a full and complete rebuttal of the allegations contained in the Affidavit of Ms. Karen Buckley and its attachments after compliance by the Agency with the relief specified in Count I of this Complaint.

2. An order that the Agency pay the Plaintiff the costs incurred in bringing this action.

The Plaintiff
by his attorney

Thomas P. Collins, Esq.
10 Main Street, Suite L9
Andover. MA. 01810
MA BBO # 548124
(978) 475-8846

## VERIFICATION

I, Adailton Gomes Soares, the plaintiff in this action, have read the foregoing verified Complaint and hereby certify that the allegations herein are true to the best of my knowledge, information and belief, and so far as upon information and belief, I believe the information to be true.

Signed under the pains and penalties of perjury this 21st day of MARCH, 2005.

Adailton Gomes Soares