UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

ADAILTON GOMES SOARES,

                               Plaintiff

v.

UNITED STATES CITIZENSHIP &
IMMIGRATION SERVICES                   Defendant

## Affidavit of Paul Trevor Shane

I the undersigned,

        Paul Trevor Shane,

do hereby make oath and say:

1. I am an immigration attorney practicing under the name of Paul T. Shane, Esq. at Suite 350, One Gateway Center, Washington Street, Newton, MA 02458-2802.

2. The facts herein contained are within my personal knowledge and are true and correct. The documentation referred to herein is in my possession and under my control, and I have knowledge of the matters referred to therein.

3. The plaintiff in this matter is Mr. Adailton Gomes Soares, a Brazilian national, of 12 Lakeside Avenue, Hudson, MA. 01749. The Defendant is United States Citizenship & Immigration Services ("the Agency").

4. On March 21, 2005, I deposed to an Affidavit in support of plaintiff's Motion for a Temporary Restraining Order and for other Injunctive Relief. I refer to that affidavit and reaffirm its contents as being true and correct.

5. As stated therein, on February 9, 2005 I delivered a Freedom of Information/Privacy Act Request (FOIA) to the Agency in Boston, MA (**Exhibit 1**), receipt for which was given on February 14, 2005, under the following control number: BOS2005000516 (see **Exhibit 2**).

6. The purpose of this FOIA was to obtain a copy of the affidavit of Karen Buckley and its attachments in order that the Plaintiff could effectively respond to the allegations of marriage fraud. The FOIA request provided clear grounds for the expedited processing of such request (**Exhibit 1**).

7. Initially I was told by Joanne Sassone, representing the Agency, that the affidavit was being withheld on the basis of privilege. On February 24, 2005, I wrote the Agency asking that the decision as presented by Ms. Sassone be reconsidered and further requested that the March 1, 2005 deadline for the Plaintiff's response to the Notice of Intention to Revoke Approval of the Petition for Alien Relative be extended (**Exhibit 3**).

8. By letter dated March 23, 2005, the Agency responded to my Freedom of Information Act request (**Exhibit 4**). In the response cover letter, the Agency stated that it was withholding twelve pages, claiming exemption on various grounds as stated therein. The response indicated that six pages of the record were being referred to the Immigration and Customs Enforcement, attention Gloria Marshall, Information and Disclosure Division, in Washington D.C. for review and direct response to me.

9. The FOIA response, which contained 76 pages of documentation, did not contain the affidavit of Karen Buckley, or any clearly identifiable attachments thereto. As at the date hereof, no communication has been received from Gloria Marshall and the Agency continues to withhold the twelve pages as exempt.

10. There remains an imminent threat that the Plaintiff may be subjected to an unfair adverse adjudication if the deadline imposed by the Agency Notice to Revoke Approval of the Petition for Alien Relative is not extended and the plaintiff does not get access to the affidavit.

11. Although the FOIA procedure allows for an appeal within 60 days to the USCIS FOIA/PA Appeals Office in Washington DC, such appeal will not provide the Plaintiff with the necessary relief sought. If the Agency is not enjoined from adjudicating the intended revocation of the Approved Petition for Alien Relative, the decision to revoke would become a final factual determination of the Agency, which cannot be overturned, alternatively will be subject to review with great difficulty and to the extreme detriment of the Plaintiff. The agency retains exclusive jurisdiction over the issue of the revocation of the approved petition and the making of a Fraud Determination under the provisions of INA § 204(c), 8 U.S.C. § 1154(c) as read with 8 C.F.R. § 204.2(a)(1)(ii). A decision to revoke will have the inevitable consequence that the Plaintiff will be removed from the US, without the opportunity for the Immigration Court to review the decision of the Agency. The matter is already in the Immigration Court in Boston for removal proceedings awaiting the outcome of the revocation decision, and has been continued until October 25, 2005. It is clear that the Agency is using its powers to withhold information reasonably required to respond to the intended revocation in the knowledge that it has the unfettered power to adjudicate the intended revocation at any time.

12. In the circumstances, the plaintiff seeks the relief as set out in the previously filed application and supporting documents, as supplemented hereby.

This affidavit has been signed by me at Newton Massachusetts under the pains and penalties of perjury on this 14th day of April 2005.

_____
Paul Trevor Shane

# PAUL T. SHANE
## Attorney - At - Law

Suite 350
One Gateway Center
Washington Street
Newton, MA 02458-2802

Phone  (617)965-9900
Fax    (617)965-9697
Email: paultshane@aol.com

US Citizenship & Immigration Services
JFK Federal Building
Government Center
Boston
MA 02203

February 9, 2005

Re: Alien: **Adailton Gomes Soares**
Alien Number: 79-674-417
Freedom of Information Request and request under the Privacy Act

I am the attorney of record representing Mr. Adailton G. Soares and am submitting a **FOIA Request** at his instance. My Appearance to Defend is on file with Immigration. This is a request to provide copies of records as well as in-person inspection of documents.

This is a request for expedited processing based on a compelling need:

1. USCIS is seeking to revoke the Alien's approved I-130 Petition for Alien Relative under case number EAC-03-219-52241 (Petitioner is his present wife, Brenda Miele Soares) (**Exhibit 1**) and has given the Alien until March 1, 2005 to respond (**Exhibit 2**). In the absence of an approved I-130 Petition, the Alien, who is in removal proceedings (**Exhibit 3**), has no defense to his removal and will be deported from the US, resulting in separation from his wife.

2. In seeking to revoke the I-130 petition, Immigration relies exclusively on an Affidavit of Karen Louise Buckley, the alien's former wife (**Exhibit 2**), concluding from this affidavit that the first marriage between the Alien and Buckley was fraudulent on the Alien's part. Immigration then seeks to invoke the provisions of section 204 (C) of INA to deny the Alien the ability to adjust status through a Marriage Petition by his present wife, Brenda Soares, under the approved I-130 Petition.

3. On December 10, 2002, when the Alien was placed in removal proceedings (with the knowledge that Karen Buckley had withdrawn her support for their prior marriage petition filed by her), I requested from the Trial Attorney all documents relating to Karen Buckley's withdrawing her support for the marriage petition, under the Pilot Disclosure Program (a form of Freedom of Information Request) intended for expeditious discovery in removal proceedings (**Exhibit 4**). The Trial Attorney responded on May 6, 2003 (**Exhibit 5**), but provided only those documents relating to Karen Buckley's marriage petition and the alien's adjustment application, but omitted (despite a specific request therefore) to provide the affidavit of Karen Buckley or any other documents she

had provided to revoke the petition). On the face of things, it would appear as if the decision to withhold the documentation was deliberate and no explanation was offered for withholding highly relevant and pertinent documentation provided by Karen Buckley to Immigration, and which was not privileged to Immigration. In the absence of anything further, there appears to be a serious wrongdoing in this action on the part of the Immigration Service. Now, in order to protect the integrity of Immigration as a service that is open and is not intent on secreting information, this documentation must be produced urgently.

4. The Alien now faces having to respond to allegations that are hearsay in a letter of intent to revoke by Immigration (**Exhibit 2**), and the alien has not had the benefit of reviewing the full affidavit of Karen Buckley and supporting documents in their entirety. The allegations of fraud are far-reaching in their consequences, and the circumstances demand immediate access and review of all original documentation, which may serve to exculpate the Alien.

5. I will be leaving for South Africa on Thursday, February 24, 2005 for 10 days. I need to prepare a response to the notice of intention to revoke the approved I-130 petition before I leave, and therefore urgently require to see the affidavit of Karen Buckley and the supporting documents referred to by Immigration in forming its opinion to revoke.

Yours truly,

Paul Shane

U.S. Department of Justice  
Immigration and Naturalization Service

OMB NO. 1115-0087

**Freedom of Information/Privacy Act Request**

The completion of this form is optional.  
Any written format for Freedom of Information or Privacy Act requests is acceptable.

<u>START HERE</u> - Please type or print and read instructions on the reverse before completing this form.

1. Type of Request: *(Check appropriate box)*
   - [X] Freedom of Information Act (FOIA) *(Complete all items except 7)*
   - [X] Privacy Act (PA) *(Item 7 must be completed in addition to all other applicable items)*
   - [ ] Amendment *(PA only, Item 7 must be completed in addition to all other applicable items)*

2. Requester Information:

| Name of Requester: Paul T. Shane | Daytime Telephone: 1-617-965-9900 |
| Address (Street Number and Name): One Gateway Center, Washington St. | Apt. No Ste. 350 |
| City: Newton | State: MA | Zip Code: 02458-2802 |

By my signature, I consent to the following:  
Pay all costs incurred for search, duplication, and review of materials up to $25.00, when applicable. *(See Instructions)*  
Signature of requester: *[signature]*

- [ ] Deceased Subject - Proof of death must be attached. *(Obituary, Death Certificate or other proof of death required)*

3. Consent to Release Information. *(Complete if name is different from Requester) (Item 7 must be completed)*

| Print Name of Person Giving Consent: Adailton Gomes Soares | Signature of Person Giving Consent: *[signature]* |

By my signature, I consent to the following: *(check applicable boxes)*
- [X] Allow the Requester named in item 2 to see [X] all of my records or [ ] a portion of my record. If a portion, specify what part *(i.e. copy of application)*

*(Consent is required for records for United States Citizens (USC and Lawful Permanent Residents (LPR)*

4. Action Requested *(Check One)*:   [X] Copy       [X] In-Person Review

5. Information needed to search for records:  
   Specific information, document(s), or record(s) desired: *(Identify by name, date, subject matter, and location of information)*  
   Affidavit of Karen Louise Buckley, with all attachments, used by USCIS to make its 204 (C) determination of a fraudulent marriage, and any other statements or documents provided by her, and used to discredit Mr. Adailton Gomes Soares' credibility, leading to the decision to revoke the approved I-130 Marriage Petition under EAC-03-219-52241.

   Purpose: *(Optional: you are not required to state the purpose for your request; however, doing so may assist the INS in locating the records needed to respond to your request.)*  
   To respond adequately to the intended I-130 Marriage Petition Revocation on grounds a fraudulent marriage under Section 204(C) of INA approved under EAC-03-219-52241.

6. Data NEEDED on SUBJECT of Record: *(If data marked with asterisk (*) is not provided records may not be located)*

| *Family Name Soares | Given Name: Adailton | Middle Initial: G. |
| *Other names used, if any: Soares, Adailton | *Name at time of entry into the U.S.: 03/28/1999 | I-94 Admissions #: 67307401406 |
| *Alien Registration #: 79 674 417 | *Petition or Claim Receipt #: EAC-03-219-52241 | *Country Birth: Brazil | *Date of Birth or Appx. Year 06/28/1961 |
| Names of other family members that may appear on requested record(s) *(i.e., Spouse, Daughter, Son)*: Karen Louise Buckley - spouse (Petitioner) |
| Country of Origin *(Place of Departure)*: US | Port-of-Entry into the U.S. Newark, New Jersey | Date of Entry: 03/28/1999 |
| Manner of Entry: *(Air, Sea, Land)* Air | Mode of Travel: *(Name of Carrier)* | SSN: 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 |
| Name of Naturalization Certifications: | Certificate #: | Naturalization Date: |
| Address at the time of Naturalization: | Court and Location: |

Form G-639 (Rev. 7-25-00)N

Adailton G. Soares

7. Verification of Subject's Identity: *(See Instructions for Explanation) (Check One Box)*

[X] In-Person with ID  [ ] Notarized Affidavit of Identity  [ ] Other *(Specify)* _____

Signature of Subject of Record: _____  Date: 02/09/2005

Telephone No.: ( 617 ) - 965-9900

NOTARY *(Normally needed from individuals who are the subject of the records sought) (See below)* or a sworn declaration under penalty of perjury.

Subscribed and sworn to before me this __9th__ day of __February__ in the Year __2005__

Signature of Notary _____  My Commission Expires __8/16/07__

HOWARD SMITH
NOTARY PUBLIC

OR

*If a declaration is provided in lieu of a notarized signature, it must state, at a minimum, the following:* (Include Notary Seal or Stamp in this Space)

If executed outside the United States: "I declare (certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signature: _____

If executed within the United States, its territories, possessions, or commonwealths: "I declare (certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Signature: _____