UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ADAILTON GOMES SUARES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES CITIZENSHIP AND )<br>IMMIGRATION SERVICES, )<br>)<br>Defendant. )<br> ) | Civil Action No. 05-10540 RGS |

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, SUBSTITUTE PROPER PARTY DEFENDANT**

Plaintiff Adailton Gomes Suares filed the instant action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the production of an affidavit by plaintiff's former wife. For the reasons set forth below, plaintiff's complaint should be dismissed for failure to name the proper party defendant, which in this case would be the Department of Homeland Security ("DHS"). In the alternative, defendant moves to substitute DHS for the named defendant, the Bureau of Citizenship and Immigration Services ("BCIS"), as the proper party defendant.

**ARGUMENT**

Congress vested the federal courts in FOIA actions with "jurisdiction to enjoin the <u>agency</u> from withholding <u>agency</u> records improperly withheld from complainant." 5 U.S.C. §552(a)(4)(B) (emphasis added). The question posed by the instant motion is whether is whether BCIS is an "agency" within the meaning of the FOIA. For the reasons that follow, we submit that the answer to that question is "no."

**1.** We begin with plain language. Congress defined the term "agency" in the FOIA to include "any executive department * * * or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." 5 U.S.C. § 552(f)(1). Congress has defined the term "executive department" as meaning the Departments of State, Treasury, Defense, Justice, Interior, Agriculture, Commerce, Labor, Health and Human Services, Housing and Urban Development, Transportation, Energy, Education, and Veterans Affairs. See 5 U.S.C. § 101. In addition, pursuant to Pub. L. No. 107-296, Title I, § 101, 116 Stat. 2142 (Nov. 25, 2002), Congress established DHS "as an executive department of the United States within the meaning of Title 5." 6 U.S.C. § 111.

Hence, there can be no question that DHS is an "agency" within the meaning of the FOIA. Not so as regards to BCIS. When it created DHS, Congress established that "[t]here shall be in the Department [of Homeland Security] a bureau to be known as the 'Bureau of Citizenship and Immigration Services.'" 6 U.S.C. § 271(a)(1) ('') (emphasis added). Congress did not define BCIS as being an executive department within the meaning of Title 5, as it did with DHS. See 6 U.S.C. § 111. Consequently, inasmuch as it is only a "bureau" within DHS, BCIS does not meet the definition of an "executive department" within the Executive Branch, and therefore does not meet the definition of an "agency" under the FOIA.

This conclusion is confirmed by a consideration of the legislative history. The Conference Report for the 1974 FOIA Amendments provides that: "Expansion of the definition of 'agency' in this subsection is intended to broaden applicability of the Freedom of Information Act but it is not intended that the term 'agency' be applied to subdivisions, offices or units within an agency." Conf. Rep. No. 93-1200, 93d Cong. 2d Sess., *reprinted in* 1974 U.S.C.A.A.N. 6285, 6293 (emphasis

added).[1]  As a "bureau" within DHS, BCIS plainly falls within the meaning of those components (i.e., "subdivisions, offices, and units") within executive departments which Congress did not intend to fall within the meaning of the term "agency."  The legislative history of the 1974 FOIA Amendments therefore dovetails with the statute's plain meaning, and compels the conclusion that BCIS is not an "agency" within the meaning of the FOIA.

**2.**  We acknowledge, as we must, that the courts to have considered this question have reached differing conclusions.  Compare Judicial Watch, Inc. v. FBI, 190 F. Supp.2d 29, 31 n.1 (D.D.C. 2002) ("The defendant correctly notes that the proper defendant under the Freedom of Information Act is the United States Department of Justice ('DOJ') as the 'agency,' rather than the FBI, which is a component of DOJ and therefore not an 'agency' within the statutory definition."); Pray v. FBI, 1995 WL 764149, * 3 (S.D.N.Y. Dec. 28, 1995) (stating that "a majority of courts have concluded that neither an individual officer nor the FBI are proper parties to such a suit, but that the Department of Justice is."); Providence Journal Co. v. FBI, 460 F. Supp. 778, 782 n.2 (D.R.I. 1978) (stating that "[c]ourts have relied on this legislative history in concluding that the FBI, as a subdivision of the Justice Department, may not be sued because it is not within the definition of 'agency,'" and citing cases), *rev'd on other grounds*, 602 F.2d 1010 (1st Cir. 1979), *cert. denied*, 444 U.S. 1071 (1980); with Peralta v. U.S. Attorney's Office, 136 F.3d 169, 173 (D.C. Cir. 1998) (although not deciding question because it was not properly presented,  stating "we suspect that the

---

[1]  The Supreme Court has indicated that it is appropriate to look to the 1974 FOIA Amendments in determining the meaning of the term "agency" in the FOIA.  See Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 156 (1980) (holding that the term "Executive Office" does not include the Office of the President because "[t]he Conference Report for the 1974 FOIA Amendments indicates that 'the President's immediate personal staff or units in the Executive Office whose sole function is to advise and assist the President are not included within the term 'agency' under the FOIA.'").

FBI is subject to the FOIA in its own name" because "the FBI has litigated numerous FOIA cases in its own name before the Supreme Court, this court, and other circuit courts, with the DOJ or one of its components appearing as counsel."); Santos v. DEA, 357 F. Supp.2d 33, 36 (D.D.C. 2004) (declining to dismiss Drug Enforcement Administration and Office of Information and Privacy "in light of the cases brought against the DEA in this district * * * and the D.C. Circuit's suggestion that 'components' such as the FBI and the Executive Office might be considered 'agencies' under FOIA").

We submit that the cases holding that only the Department of Justice, and not components such as the FBI or DEA, meets the definition of "agency" within the meaning of the FOIA, are better reasoned and more persuasive. As we have shown above, both the plain language and legislative history of the FOIA compel the conclusion that bureaus or components of an executive department do not fall within the definition of "agency" in the statute, and the courts that have reached this conclusion have done so by relying on the statute's text and legislative history. See Judicial Watch, Inc., 190 F. Supp.2d at 31 n.1; Pray, 1995 WL 764149, * 3.

In contrast, those courts that have reached a contrary conclusion have relied in large part on the fact that previous cases had been litigated against the FBI or DEA as the named defendant, with no apparent objection from the Department of Justice. See Peralta, 136 F.3d at 173 (dictum)[2]; Santos, 357 F. Supp.2d at 36. But what the Department of Justice may or may not have done in other

---

[2] The D.C. Circuit in Peralta also relied on McGehee v. CIA, 697 F.2d 1095, 1108 (D.C. Cir. 1983), for the proposition that the FBI is clearly covered by the FOIA. See Peralta, 136 F.3d at 173 (dictum). But the question whether the FBI is subject to the FOIA -- as it unquestionably is inasmuch as it is a component of the Department of Justice -- is entirely distinct from the question whether the FBI is an "agency" within the meaning of the statute, and therefore a proper party defendant in a FOIA action.

cases does not, and cannot, trump the plain language of the FOIA, or the legislative history of the 1974 FOIA Amendments. The Supreme Court has repeatedly made clear that Congressional intent is to be determined by reference to the text of a statute and, in some circumstances, its legislative history. See Lamie v. United States Trustee, 540 U.S. 526, 534, 540-41 (2004) (holding that "[t]he starting point in discerning congressional intent is the existing statutory text" and finding "[n]othing in the legislative history" that would alter the statute's plain meaning); Rosewell v. LaSalle Nat'l Bank, 450 U.S. 503, 513 (1981) (stating that "[t]he starting point of our inquiry is the plain language of the statute itself" and that "[w]hat little can be gleaned from the legislative history of the Act on the phrase 'plain, speedy and efficient remedy' lends further support to a procedural interpretation."). The text and legislative history of a statute cannot be overcome by prior practice.

**3.** If this Court agrees with our showing that BCIS is not a proper party defendant in this action, the question remains as to what is to be done. In our view, this Court may either dismiss this suit without prejudice pursuant to Fed. R. Civ. P. 12(b)(2) or, in the alternative, substitute DHS as the proper party defendant. In either event, plaintiff will suffer no prejudice. Even if this case is dismissed without prejudice, plaintiff can simply refile this action and name DHS as the proper party defendant. And there is no conceivable prejudice to plaintiff if DHS is substituted as the proper party defendant. In this regard, we note that, on March 23, 2005, DHS responded to plaintiff's FOIA request.

## CONCLUSION

For the foregoing reasons, this action should be dismissed for failure to name the proper party defendant. In the alternative, the Department of Homeland Security should be substituted for the Bureau of Citizenship and Immigration Services as the proper party defendant.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:  /s/ Mark T. Quinlivan
        MARK T. QUINLIVAN
        Assistant U.S. Attorney
        United States Attorney's Office
        John Joseph Moakley U.S. Courthouse
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        617-748-3606

Dated: April 21, 2005

## CERTIFICATE OF SERVICE

    This is to certify that on this date, April 21, 2005, a true copy of the foregoing Memorandum of Law in Support of Defendant's Motion to Dismiss or, in the Alternative, to Substitute Proper Party Defendant, was served on plaintiff's counsel, Thomas P. Collins, Esq., 10 Main Street, Suite L9, Andover, MA 01810, by first class mail, postpaid.

        /s/ Mark T. Quinlivan
        MARK T. QUINLIVAN
        Assistant United States Attorney