UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADAILTON GOMES SUARES,<br><br>    Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendant. | Civil Action No. 05-10540 RGS |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

  Plaintiff Adailton Gomes Suares filed the instant action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 *et seq.*, to compel the production of an affidavit by his former wife, Karen Buckley. He now seeks a preliminary injunction seeking (1) to allow him to inspect and copy the complete affidavit by his former wife and its attachments; (2) to enjoin the Department of Homeland Security ("DHS") from revoking the approval of the Petition for Alien Relative, Form I-130 ("I-130 Petition"), that had been filed by his current wife, until he has 30 days to present a full and complete rebuttal of the allegations contained in the affidavit by his former wife; and (3) to pay the reasonable attorney's fees and costs he has incurred in bringing this action.

  Plaintiff's motion should be denied. First, plaintiff has failed to demonstrate irreparable injury. DHS has not yet determined whether to revoke the approval of the I-130 Petition and, even if it were to do so, the regulations expressly provide that plaintiff has a right to appeal that determination, <u>see</u> 8 C.F.R. §205.2(d), and that, if an appeal is taken, the decision to revoke the approval of the I-130 Petition is stayed during the pendency of that appeal, <u>see</u> 8 C.F.R. §1003.6(a).

Hence, there is no imminent event that would justify prematurely circumscribing the regular process for determining whether the FOIA exemptions asserted by DHS in this case are valid.

Nor has plaintiff met his burden of demonstrating a likelihood of success on the merits. Plaintiff offers no substantive argument or analysis in support of his argument that the affidavit of his former wife was "improperly withheld" under the FOIA, instead only making the most conclusory of assertions that the exemptions claimed by DHS are invalid. That is plainly insufficient to meet his burden of demonstrating a <u>likelihood</u> of success on the merits. This Court also lacks subject matter jurisdiction to enjoin the ongoing administrative process, both because the FOIA does not provide for such relief, and because the decision whether to revoke the I-130 Petition is a discretionary decision that is unreviewable by the courts. And plaintiff has wholly failed to justify his request for attorney's fees and costs, which is not only premature, but also is not the proper subject of a motion for preliminary injunctive relief. For all these reasons, plaintiff's motion for a preliminary injunction should be denied.

## BACKGROUND

On January 31, 2005, the Bureau of Citizenship and Immigration Services ("BCIS") of DHS notified plaintiff's current wife, Brenda Miele Soares, of its intent to revoke the I-130 Petition which she had filed on behalf of plaintiff, seeking to classify him as the spouse of a citizen of the United States. The notice stated that, according to an affidavit filed by the plaintiff's second wife, Karen Buckley, the plaintiff had misrepresented himself as a United States citizen when they were married; failed to inform Ms. Buckley that his divorce from his first wife had only become final six days before he married Ms. Buckley; engaged in correspondence indicating his affection for another woman, Ms. Soares, during his marriage with Ms. Buckley; and offered compensation to Ms.

Buckley for the sole purpose of completing the I-130 process. The notice informed Ms. Soares that she had until March 1, 2005, to respond to the notice and submit any additional evidence in support of the I-130 Petition.

On February 9, 2005, plaintiff filed a FOIA request with the Bureau of Citizenship and Immigration Services of DHS, seeking a copy of an affidavit by his former wife, Ms. Buckley, that was referenced in the notice of intent to revoke the I-130 Petition. On February 14, 2005, DHS notified plaintiff's counsel that it had received the FOIA request, and also notified him that the request had been placed on a "simple track," which meant that plaintiff's request would not have to wait for an extended period in the queue while the agency reviews complex voluminous requests.

On February 24, 2005, plaintiff's counsel submitted a response to the notice of intent to revoke the I-130 Petition. Although plaintiff complained that he was unable to effectively respond to the notice of intent to revoke because he had not been provided a copy of Ms. Buckley's affidavit, he nonetheless alleged that Ms. Buckley had not been truthful and honest in the affidavit, and provided several examples.

On March 21, 2005, plaintiff filed this action pursuant to the FOIA, 5 U.S.C. §552 *et seq.*, to compel the production of an affidavit by plaintiff's former wife and to enjoin the pending administrative proceedings regarding whether plaintiff's I-130 Petition should be revoked. On March 22, 2005, the Court (Young, C.J.) denied plaintiff's request for a temporary restraining order after a hearing.

On March 23, 2005, DHS responded to plaintiff's FOIA request, identifying 76 pages that were responsive to the request. DHS enclosed 58 pages in their entirety; informed plaintiff's counsel that 12 pages were being withheld in their entirety pursuant to 5 U.S.C. §§552(b)(2) and (b)(7); and

further informed plaintiff's counsel that six pages had been referred to the Bureau of Immigration and Customs Enforcement of DHS, for review and direct response. Plaintiff's motion for a preliminary injunction, which was filed on April 20, 2005, followed.

## STANDARDS

Whether a preliminary injunction should issue usually depends upon a consideration of the following factors: (1) whether the moving party has demonstrated a likelihood of success on the merits; (2) whether the moving party has demonstrated the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, *i.e.*, the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest. See Air Line Pilots Ass'n v. Guilford Transportation Indus., Inc., 399 F.3d 89, 95 (1st Cir. 2005).

Although the courts must ordinarily consider each of these factors, the first two are paramount. The First Circuit stated that "[i]n most cases * * * irreparable harm is a necessary threshold showing for awarding preliminary injunctive relief." Matos v. Clinton School Dist., 367 F.3d 68, 73 (1st Cir. 2004). The First Circuit also has emphasized that "[t]he *sine qua non* of this four-part inquiry is likelihood of success on the merits; if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002).

## ARGUMENT

**I.    PLAINTIFF HAS FAILED TO DEMONSTRATE IRREPARABLE INJURY**

As a preliminary matter, plaintiff has not shown, and indeed cannot show, irreparable injury. DHS has not yet determined whether to revoke the approval of the I-130 Petition and, even were it

to do so in the immediate future, the regulations expressly provide that plaintiff has a right to appeal that determination, see 8 C.F.R. §205.2(d), and that, with certain exceptions not relevant here, "the decision in any proceeding under this chapter from which an appeal to the Board may be taken <u>shall not be executed during the time allowed for the filing of an appeal</u> unless a waiver of the right to appeal is filed, <u>nor shall such decision be executed while an appeal is pending</u> or while a case is before the Board by way of certification." 8 C.F.R. §1003.6(a) (emphasis added).

Plaintiff therefore misses the mark in contending (Pl. Motion at 1) that "[t]he allowance of this Motion is necessary as the Plaintiff is in imminent danger of receiving an adverse adjudication from the Agency that shall revoke the approval of the I-130 Petition, thereby preventing him from receiving a change in status to that of permanent resident." To the contrary, the regulations make clear that, even if DHS were to revoke the approval of the I-130 Petition in the immediate future, that decision will not be executed during the 15-day period in which plaintiff has the right to take an appeal, or during the pendency of any appeal that is taken. In these circumstances, plaintiff faces no immediate harm or irreparable injury that would justify the entry of a preliminary injunction.

## II.   PLAINTIFF HAS FAILED TO DEMONSTRATE A LIKELIHOOD OF SUCCESS ON THE MERITS

Plaintiff also has failed to satisfy his burden of demonstrating a likelihood of success on the merits of his claim that the exemptions claimed by DHS are invalid. Nor may plaintiff's requests that this Court enjoin the ongoing administrative process under the FOIA and grant him attorney's fees and costs serve as the basis for a request for preliminary injunctive relief.

**1.** Unlike most civil actions, in which the plaintiff bears the burden of proof, it is the government that the burden of sustaining its actions in a FOIA case. See 5 U.S.C. §552(a)(4)(B)

("[T]he burden is on the agency to sustain its action."). The government ordinarily seeks to satisfy this burden by filing a motion for summary judgment together with a supporting agency declaration explaining any exemptions claimed and the adequacy of the search conducted. See North Dartmouth Properties, Inc. v. U.S. Dept. of Housing & Urban Dev., 984 F. Supp. 65, 68 (D. Mass. 1997) ("FOIA cases are often decided on summary judgment."). Moreover, "[t]o assure the broadest possible disclosure, courts often direct a government agency seeking to withhold documents to supply the opposing party with a Vaughn index, which includes a general description of each document sought by the FOIA requestor and explains the agency's justification for nondisclosure of each individual document or portion of a document." Church of Scientology Int'l v. U.S. Dept. of Justice, 30 F.3d 224, 228 (1st. Cir. 1994).[1] As the First Circuit has explained, "[s]uch an index is viewed as necessary to protect the adversary process in a FOIA case, in which only the party opposing disclosure will have access to all the facts." Id.

In this case, by contrast, because he seeks a preliminary injunction in advance of the submission by DHS of a motion for summary judgment and supporting agency affidavit or Vaughn index outlining the justification for the exemptions claimed, it is the plaintiff who bears the burden of demonstrating that he is likely to succeed on his claim that the exemptions claimed by DHS are invalid. See Air Line Pilots Ass'n, 399 F.3d at 95 (moving party bears burden of demonstrating a likelihood of success on the merits). That is a burden that plaintiff has failed to meet.

In his moving papers, plaintiff asserts (Pl. Mem. at 4) that "[d]espite the Agency's assertions, The Affidavit of Ms. Buckley does not fall within any of the nine exemptions from release as stated in [the FOIA]." That is the sum total of plaintiff's argument on the merits. Outside this conclusory

---

[1] See Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973).

assertion, plaintiff offers no substantive argument or analysis as to why the agency's claims exemptions are invalid. This is perhaps unsurprising, inasmuch as the majority of courts have held that factual issues regarding the adequacy of the government's search and/or its justification for claimed exemptions "can develop only at a time subsequent to a party's filing of a dispositive motion." Church of Scientology v. I.R.S., 137 F.R.D. 201, 202 (D. Mass. 1991) (emphasis added) (citing, e.g., Murphy v. F.B.I., 490 F. Supp. 1134, 1137 (D.D.C. 1980)). Regardless, plaintiff's conclusory assertion that the claimed exemptions are invalid falls far short of meeting his burden of demonstrating a likelihood of success on his claim that the affidavit was improperly withheld under the FOIA. See, e.g., New York City Envir. Justice Alliance v. Giuliani, 214 F.3d 65, 72 (2d Cir. 2000) (concluding that "conclusory statements about the assumed availability of other buildable City-owned lots in the vicinity of particular gardens does not suffice to establish a likelihood that the plaintiffs will meet their burden of showing that a less discriminatory option is available to achieve the City's legitimate governmental goals."); Erdmann v. Stevens, 458 F.2d 1205, 1210 (2d Cir. 1972) ("The conclusory charges of Erdmann's complaint and supporting papers fail to set forth facts establishing any likelihood of success on the merits or the existence of irreparable injury, which must be shown before injunctive relief may issue.").

Plaintiff fares no better in contending (Pl. Mem. at 2, ¶13) that, "[i]n quoting extensively from the affidavit in the Notice of Intent to Revoke the approval of the Petition for Alien Relative, the Agency has waived any privilege." The exemptions that have been claimed by DHS in this case are not based on privilege; they are authorized by the statute itself. See 5 U.S.C. §552(b)(2) (exemption for matters "related solely to the internal personnel rules and practices of an agency"); §552(b)(7)(C) (exemption for records or information compiled for law enforcement purposes that

could reasonably be expected to constitute an unwarranted invasion of personal privacy). Plaintiff cites no support for the notion that principles regarding waiver of privilege govern these two statutory exemptions, and we are aware of none. To the contrary, courts have held that "an agency voluntarily may disclose a portion of an exempt document without waiving the exemption for the entire document." Mehl v. U.S. E.P.A., 797 F. Supp. 43, 47 (D. Md. 1992). Thus, in Mehl, the court rejected the contention that EPA's discussion of portions of documents that were the subject of a FOIA request constituted a waiver of the applicable FOIA exemptions for the documents in their entirety. Noting that the FOIA provides that "[a]ny reasonably segregable portion of a record shall be provided * * * after deletion of the portions which are exempt," 5 U.S.C. §552(b), the court concluded that a partial disclosure of the contents of a document "does not constitute a waiver of the applicable FOIA exemptions for the entire document." 797 F. Supp. at 48. In this case, DHS did not even partially disclose the affidavit in question, but only paraphrased selected portions of that affidavit. Thus, contrary to plaintiff's assertion, and consistent with the FOIA and Mehl, that action did not automatically serve to waive any applicable FOIA exemptions for the document as a whole.

      We note that this Court ultimately will be called upon to determine the validity of the exemptions claimed by DHS. But this Court should do so only in the regular course, and after DHS has had the opportunity to fully brief its position and submit a supporting agency affidavit or Vaughn index. It should not do so in the context of a request for a preliminary injunction, where the Court has not been afforded the benefit of the agency's considered position, and certainly not where plaintiff has made no substantive effort to show that the exemptions claimed by the agency are invalid.

**2.** Plaintiff also cannot show a likelihood of success on his claim that he is entitled to an injunction against the ongoing administrative proceedings. To begin with, that form of relief is not provided for by the statute. The FOIA vests the district courts with authority to enjoin the agency from withholding records and order the production of agency records improperly withheld, providing that the district courts shall have jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. §552(a)(4)(B). The statute does not vest the courts with authority to grant other relief, such as enjoining ongoing administrative proceedings, as plaintiff seeks to do here. Indeed, any such request would be inconsistent with the Supreme Court's admonition that "[t]he basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed. * * *. FOIA was <u>not</u> intended to function as a private discovery tool." <u>N.L.R.B.</u> v. <u>Robbins Tire & Rubber Co.</u>, 437 U.S. 214, 242 (1978) (emphasis in original).

Moreover, this Court lacks subject matter jurisdiction to intervene in the ongoing administrative process. The majority of courts to have considered the question, including the Sixth, Seventh, and Tenth Circuits, have held that, by virtue of 8 U.S.C. §1252(a)(2)(B)(ii), which provides that "[n]otwithstanding any other provision of law, no court shall have jurisdiction to review * * * any * * * decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General, other than the granting of [asylum]," the decision to revoke a previously approved visa petition, including an I-130 Petition, is a discretionary decision that is not subject to judicial review. See <u>El Khader</u> v. <u>Monica</u>, 366 F.3d 562, 565-69 (7th Cir. 2004); <u>CDI Information Servs.</u> v. <u>Reno</u>, 278 F.3d 616, 620 (6th Cir. 2002); <u>Van Dinh</u> v. <u>Reno</u>,

197 F.3d 427, 434 (10th Cir. 1999); Systronics Corp. v. INS, 153 F. Supp.2d 7, 11 (D.D.C. 2001); Avramenkov v. INS, 99 F. Supp.2d 210, 215 (D. Conn. 2000). These courts have relied upon the language of 8 U.S.C. §1155, which provides that "[t]he Attorney General may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title," as falling with the jurisdiction-stripping terms of §1252(a)(2)(B)(ii).[2] If this Court lacks jurisdiction to review a decision by DHS to revoke the I-130 petition in this case, it necessarily follows that this Court also lacks jurisdiction to enjoin the ongoing administrative process regarding that determination.

    **3.** Finally, plaintiff request for attorney's fees and costs is premature and cannot possibly serve as the basis for preliminary injunctive relief. The FOIA provides that "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. §552(a)(4)(E). Inasmuch as there has been no ruling on the merits to date, plaintiff's request for fees is quite plainly premature. And we are aware of no precedent establishing that a request for attorney's fees or costs can serve as the basis for a motion for preliminary injunction.

---

    [2] The only court of appeals to reach a contrary result was the divided Ninth Circuit in Ana Int'l, Inc. v. Way, 393 F.3d 886 (9th Cir. 2004). As ably demonstrated by Judge Tallman in his dissent in that case, the plain language of §1155 compels the conclusion that Attorney General is vested with unreviewable discretion because that inasmuch as that provision "provides that the Attorney General gets to decide whether and when to act for whatever reasons he alone believes are good and sufficient." Id. at 897 (Tallman, J., dissenting).

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for a preliminary injunction should be denied.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

By:  /s/ Mark T. Quinlivan
       MARK T. QUINLIVAN
       Assistant U.S. Attorney
       United States Attorney's Office
       John Joseph Moakley U.S. Courthouse
       1 Courthouse Way, Suite 9200
       Boston, MA 02210
       617-748-3606

Dated: May 6, 2005

**CERTIFICATE OF SERVICE**

      This is to certify that on this date, May 6, 2005, a true copy of the foregoing Memorandum of Law in Support of Defendant's Opposition to Plaintiff's Motion for a Preliminary Injunction, was served on plaintiff's counsel, Thomas P. Collins, Esq., 10 Main Street, Suite L9, Andover, MA 01810, by first class mail, postpaid.

                                        /s/ Mark T. Quinlivan
                                       MARK T. QUINLIVAN
                                       Assistant U.S. Attorney