# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ———————————————— | ) | |
| ADAILTON GOMES SUARES, | ) | |
| | ) | Civil Action No. 05-10540 RGS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————— | ) | |

## ANSWER OF DEFENDANT DEPARTMENT OF HOMELAND SECURITY

Defendant Department of Homeland Security ("DHS"), by and through its undersigned attorneys, answers the Verified Complaint for Injunctive Relief Under Freedom of Information Act (5 U.S.C. §552) (hereafter "Verified Complaint") of plaintiff Adailton Gomes Suares as follows:

### First Defense

Plaintiff has not alleged a sufficient factual and/or legal basis for its request for a preliminary injunction.

### Second Defense

The Freedom of Information Act ("FOIA"), 5 U.S.C. §552(a)(4)(B), does not authorize the injunctive relief requested.

### Third Defense

Plaintiff has not alleged a sufficient factual and/or legal basis for its request for costs and/or attorney's fees.

<u>Fourth Defense</u>

Answering specifically in response to the numbered paragraphs of the Verified Complaint, using the same paragraph numbering, DHS states as follows:

<u>Preliminary Statement</u>: This paragraph constitutes plaintiff's characterization of this action, to which no answer should be required. Insofar as an answer may be deemed required, admitted that this sentence reflects plaintiff's characterization of this action.

1. The allegations in Paragraph 1 state a legal conclusion regarding this Court's subject matter jurisdiction to which no answer is required. Insofar as an answer may be deemed required, admitted that this Court has jurisdiction over this action with respect to DHS pursuant to 5 U.S.C. §552(a)(4)(B) and 28 U.S.C. §1331.

2. The allegations in Paragraph 2 state a legal conclusion regarding venue to which no answer is required. Insofar as an answer may be deemed required, DHS is without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegation in paragraph 2.

3. DHS is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 3.

4. Denied. DHS avers that, pursuant to this Court's electronic order dated May 2, 2005, which allowed the motion to substitute DHS as the proper defendant, DHS is the defendant in this action. DHS further avers that DHS is an "agency" within the meaning of the FOIA, 5 U.S.C. §552(f)(1).

5. Denied, except to admit that DHS maintains an affidavit from the plaintiff's second wife, Karen Buckley, and that that affidavit was cited in a notice dated January 31, 2005, in which DHS, though the Bureau of Citizenship and Immigration Services ("BCIS"), notified plaintiff's current

wife, Brenda Miele Soares, of its intent to revoke the I-130 Petition which she had filed on behalf of plaintiff seeking to classify him as the spouse of a citizen of the United States.

6. DHS is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 6.

7. Denied, except to admit that the affidavit by plaintiff's second wife was cited in a notice dated January 31, 2005, in which DHS, though the BCIS, notified plaintiff's current wife, Brenda Miele Soares, of its intent to revoke the I-130 Petition which she had filed on behalf of plaintiff seeking to classify him as the spouse of a citizen of the United States.

8-12. DHS is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraphs 8-12.

13. Admitted.

14. The allegations in Paragraph 14 constitute plaintiff's characterization of his FOIA request to which no answer is required, and this Court is referred to that document for a full and complete statements of its contents. DHS denies the allegations in Paragraph 14 to the extent that they are not consistent with the contents of plaintiff's FOIA request.

15. Denied, except to admit that plaintiff's counsel faxed a request for response to the agency on February 14, 2005, and that plaintiff's counsel spoke with an employee of DHS.

16. The allegations in Paragraph 16 constitute legal conclusions to which no answer is required. Insofar as an answer may be deemed to be required, denied.

17. DHS admits that it received a letter dated February 24, 2005, from plaintiff's counsel, and this Court is referred to that letter for a complete and accurate statement of its contents. DHS

denies the allegations in Paragraph 17 to the extent that they are not consistent with the contents of the letter.

18. Denied. DHS avers that the agency responded to plaintiff's FOIA request by letter dated March 23, 2005.

19. The allegations in Paragraph 19 constitute legal conclusions to which no answer is required. Insofar as an answer may be deemed to be required, denied.

20. The allegations in Paragraph 20 constitute legal conclusions to which no answer is required. Insofar as an answer may be deemed to be required, denied.

21. In response to paragraph 21, DHS incorporates by reference the responses to the allegations in paragraphs 1 through 20 as if set forth fully herein.

22. The allegations in Paragraph 22 state plaintiff's characterization of 5 U.S.C. §552(a)(2), to which no answer is required, and this Court is referred to that statute for a complete and accurate statement of its contents. Insofar as a response may be deemed required, denied to the extent the allegations in Paragraph 22 are not consistent with 5 U.S.C. § 552(a)(2).

23. The allegations in Paragraph 23 constitute legal conclusions to which no answer is required. Insofar as an answer may be deemed to be required, denied.

24. The allegations in Paragraph 24 constitute legal conclusions to which no answer is required. Insofar as an answer may be deemed to be required, denied.

25. The allegations in Paragraph 25 constitute plaintiff's partial quotation from the decision in <u>Diamond</u> v. <u>FBI</u>, 487 F. Supp. 774, 777 (S.D.N.Y. 1979), to which no answer may be deemed required, and this Court is referred to that case for a complete and accurate statement of its contents. Insofar as a response may be deemed required, denied to the extent the allegations in Paragraph 25

are not consistent with the FOIA, 5 U.S.C. §552 *et seq.*, or do not accurately quote from the decision in <u>Diamond</u>.

26.   The allegations in Paragraph 26 constitute plaintiff's partial quotation from the decision in <u>Donovan</u> v. <u>FBI</u>, 806 F.2d 55, 57-58 (2d Cir. 1986), to which no answer may be deemed required, and this Court is referred to that case for a complete and accurate statement of its contents.  Insofar as a response may be deemed required, denied to the extent the allegations in Paragraph 25 are not consistent with the FOIA, 5 U.S.C. §552 *et seq.*, or do not accurately quote from the decision in <u>Donovan</u>.

27.   The allegations in Paragraph 26 constitute plaintiff's partial quotation from the decision in <u>N.L.R.B.</u> v. <u>Sears, Roebuck & Co.</u>, 421 U.S. 132, 136 (1975), to which no answer may be deemed required, and this Court is referred to that case for a complete and accurate statement of its contents. Insofar as a response may be deemed required, denied to the extent the allegations in Paragraph 25 are not consistent with the FOIA, 5 U.S.C. §552 *et seq.*, or do not accurately quote from the decision in <u>N.L.R.B.</u> v. <u>Sears, Roebuck</u>.

28.   The allegations in Paragraph 28 constitute legal conclusions to which no answer is required.  Insofar as an answer may be deemed to be required, denied.

29.   The allegations in Paragraph 29 constitute legal conclusions to which no answer is required.  Insofar as an answer may be deemed to be required, denied.

30.   The allegations in Paragraph 30 constitute legal conclusions to which no answer is required.  Insofar as an answer may be deemed to be required, denied, and DHS denies each of the prayers for relief set forth in Paragraph 30.

31.  In response to paragraph 31, DHS incorporates by reference the responses to the allegations in paragraphs 1 through 30 as if set forth fully herein.

32.  The allegations in Paragraph 32 constitute legal conclusions to which no answer is required.  Insofar as an answer may be deemed to be required, denied.

33.  The allegations in Paragraph 33, which is improperly designated as a successive Paragraph 32, constitute legal conclusions to which no answer is required.  Insofar as an answer may be deemed to be required, denied.

The remainder of the Verified Complaint constitutes plaintiff's prayer for relief to which no response is required.  Insofar as an answer may be deemed to be required, DHS denies that plaintiff is entitled to the relief prayed for in this action or to any relief whatsoever.  DHS further specifically denies all of the allegations of the Complaint not previously otherwise answered.

WHEREFORE, having fully responded to the Complaint, DHS prays that:

1.  the plaintiff takes nothing by way of its Verified Complaint in this action;

2.  the action be dismissed with prejudice; and

3.  the Court grant such other and further relief as it may deem appropriate.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ Mark T. Quinlivan
MARK T. QUINLIVAN
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
617-748-3606

Dated: May 17, 2005

<u>CERTIFICATE OF SERVICE</u>

    This is to certify that on this date, May 17, 2005, a true copy of the foregoing Answer of Defendant Department of Homeland Security, was served on plaintiff's counsel, Thomas P. Collins, Esq., 10 Main Street, Suite L9, Andover, MA 01810, by first class mail, postpaid.

 /s/ Mark T. Quinlivan
MARK T. QUINLIVAN
Assistant U.S. Attorney